1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert Ybarra,**<br>Petitioner<br>-vs-<br>**Warden Dennis Smith,**<br>Respondent | CV-09-1447-PHX-DGC (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

### I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Federal Correctional Institute ("FCI") at Phoenix, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 10, 2009 (Doc. 1).  On September 17, 20009 Respondents filed their Response (Doc. 8).   Petitioner filed a Reply on September 30, 2009 (Doc. 10).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

#### A. FACTUAL BACKGROUND

Petitioner is a federal prisoner at FCI Phoenix, who was convicted of a violation of supervised release, (CR93-0238-PHX-ROS at Doc. 131, 133) and  ten counts of bank robbery and attempted bank robbery, (CR98-0427-PHX-ROS at Doc.74; Petition, Doc. 1 Exhibit A, Judgment). The judgment in CR98-0427, imposed on August 15, 1999,  provided for payment of restitution of $32,181.54 and a special assessment pursuant to 18 U.S.C. §

1   3013 of $1,000.00. (*Id.*)  The judgment provided:

2
> All monetary penalties are due immediately or in regular monthly
3
> installments.  Because incarcerated, payments shall begin under the
> Bureau of Prisons Inmate Financial Responsibility Program.  Any
> unpaid balance shall become a condition of supervision and shall be
4
> paid within 90 days of the expiration of supervision.

5   (*Id.* at 1.)

6

7   **B.  ADMINISTRATIVE PROCEEDINGS**

8   **Petitioner's Payment Plan** - The Bureau of Prisons' Inmate Financial Responsibility

9   Program (IFRP) is a "voluntary" program whereby inmates' in-prison income is applied to

10  their financial obligations.  "As part of the initial classification process, staff will assist the

11  inmate in developing a financial plan for meeting those obligations, and at subsequent

12  program reviews, staff shall consider the inmate's efforts to fulfill those obligations as

13  indicative of that individual's acceptance and demonstrated level of responsibility."  28

14  C.F.R. § 545.10.  The obligations to be paid include: "(1) Special Assessments imposed

15  under 18 U.S.C. 3013; (2) Court-ordered restitution; [and] (3) Fines and court costs."  28

16  C.F.R. § 545.11.  Although the program is "voluntary," failure to participate has a variety of

17  deleterious effects, e.g. loss of furlough, performance pay, housing priority, access to

18  community-based programs, etc..  *See* 28 C.F.R. § 545.11(d).

19  On or about April 1, 2008, Petitioner signed a payment plan to make monthly

20  payments of 50% of his wages toward his restitution.  (Petition, Doc. 1, Exhibit B, Reg. Dir.

21  Resp. 2/27/09.)

22  **Informal Resolution** - On January 14, 2009, Petitioner submitted a grievance or

23  "Informal Resolution" (Petition, Doc. 1, Exhibit B, Informal Resolution), asserting that

24  because the sentencing court had not set a repayment schedule, his restitution and special

25  assessment were not properly deemed a financial obligation.  That request was denied.

26  **Administrative Remedy** - On or about  January 15, 2009, Petitioner submitted a

27  Request for Administrative Remedy (Petition, Doc. 1, Exhibit B) challenging the same issue,

28  citing *U.S. v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) and *U.S. v. Lemoine*, 546 F.3d 1042 (9th

Cir. 2008).  On January 28, 2009, that request was denied by Respondent Chavez on the basis that BOP Program Statement 5380.08 directs that "[a]bsent direction from the court concerning when an obligation should be collected, payments may begin during an inmate's period of incarceration."  (Petition, Doc. 1, Exhibit B, Remedy #523162-FI.)  Petitioner was advised that he could appeal to the Regional Director.  (*Id.*)

**Regional Appeal** - On or about January 30, 2009, Petitioner submitted his Regional Administrative Remedy Appeal (Petition, Doc. 1, Exhibit B), making the same argument. On February 27, 2009, Regional Director denied that appeal.  (Petition, Doc. 1, Exhibit B, Reg. Dir. Resp. 2/27/09.)  Petitioner was advised that he could appeal the denial to the Office of General Counsel.  (*Id.*)

**Central Office Appeal** - On or about March 10, 2009, Petitioner submitted the same claim in his Central Office Administrative Remedy Appeal  (Petition, Doc. 1, Exhibit B). On April 1, 2009, the Administrative Remedy Coordinator rejected the appeal, citing Petitioner's failure to provide copies of his grievance and response, and advising him he had 15 days to resubmit the appeal (*id.* at Rejection Notice).

Petitioner resubmitted the appeal on or about April 21, 2009.  (Answer, Doc. 8, Attach. A, Curless Decl., Exhibit 3.)  After an extension of time to respond until June 20, 2009 (Petition, Doc. 1, Exhibit B, Extension 6/2/9), on July 15, 2009, the National Inmate Appeals Administrator denied Petitioner's appeal on the merits.  (Answer, Doc. 8, Attach. A,  Curless Decl.,  Exhibit 3.)

## C.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 10, 2009 (Doc. 1).  Petitioner's Petition asserts a single ground for relief challenging the collection of restitution under the IFRP.

**Response** - On September 17, 2009, Respondents filed their Response ("Answer") (Doc. 8).  Respondents argue that Petitioner failed to exhaust his administrative remedies, and that his claim is without merit.

1    **Reply** - On September 30, 2009, Petitioner filed a Traverse (Doc. 10), arguing that

2    the administration's failure to rule on his appeal by June 20, 2009 was deemed a denial and

3    resulted in exhaustion, and that his claim has merit.

4

5    ### III. APPLICATION OF LAW TO FACTS

6    **A.  EXHAUSTION**

7    **Exhaustion Requirement** - Ordinarily, a federal prisoner bringing a habeas petition

8    challenging his confinement must exhaust his available administrative and judicial remedies

9    by presenting his claims in accordance with applicable procedures, and failure to do so

10   justifies dismissal of the petition.  *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990); *Nigro v.*

11   *Sullivan*, 40 F.3d 990 (9th Cir. 1994).

12   Respondents cite 42 U.S.C. § 1997e of the Prison Ligation Reform Act as establishing

13   a jurisdictional exhaustion requirement.  However, that provision relates only to prison

14   condition suits, such as those brought pursuant to 42 U.S.C. § 1983, etc..  42 U.S.C. §

15   1997e(a).  At least nine circuits have held that the PLRA does not apply to habeas petitions.

16   *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998); *Martin v. Bissonette*, 118 F.3d

17   871, 874 (1st Cir. 1997); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir.

18   2001);  *Santana v. United States*, 98 F.3d 752 (3rd Cir.1996);  *Davis v. Fechtel*, 150 F.3d

19   486, 488-489 (5th Cir. 1998); *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000); *Malave*

20   *v. Hedrick*, 271 F.3d 1139 (8th Cir. 2001);   *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809,

21   811 (10th Cir. 1997); and *Skinner v. Wiley,* 355 F.3d 1293 (11th Cir. 2004).

22   **Intervening Exhaustion** - Respondent concedes that the issuance of the July 15, 2009

23   appeal denial exhausted Petitioner's administrative remedies (Response, Doc. 8, Attach, A,

24   Curless Declaration), but argues Petitioner's habeas petition was filed earlier (on July 10,

25   2009), and  that post-filing exhaustion is not sufficient.

26   In *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002), the court held that for purposes

27   of prisoner civil rights suits and the exhaustion requirement of the PLRA under 42 U.S.C.

28   § 1997e, failure to exhaust prior to filing was fatal, and could not be cured by exhaustion

1   during the litigation.   That holding was based upon the strong congressional policies

2   underlying the PLRA.   As noted above, however, the PLRA is not applicable to habeas

3   petitions.

4        Respondents point to no other cases holding that exhaustion subsequent to filing but

5   prior to dismissal for failure to exhaust is fatal to a habeas petition under 28 U.S.C. § 2241.

6   In *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984), a pre-AEDPA state

7   habeas case, the court held that "an appellate court may give relief if state remedies are

8   exhausted by the time it acts, even if these remedies were not exhausted when the habeas

9   corpus petition was filed."

10       In light of *Schwartzmiller,* the non-jurisdictional nature of exhaustion in a 2241

11   proceeding, and the fact that the only step not taken by Petition at the time of his petition was

12   to receive the final administrative decision, the undersigned concludes that Petitioner's post-

13   filing exhaustion of his administrative remedies is sufficient.

14       **Exhaustion by Lack of Ruling** - Moreover, Petitioner points out that the decision on

15   July 15, 2009 was past due.  Controlling regulations provide the General Counsel 40 calendar

16   days to respond to an appeal, and provide that the time "may be extended once by  . . 20 days

17   at the Central Office level."  28 C.F.R. § 542.18.  Here, the permitted extension was granted

18   at the Central Office level, setting a due date of June 20, 2009.  (Petition, Doc. 1, Exhibit B,

19   Extension 6/2/9.)  "If the inmate does not receive a response within the time allotted for

20   reply, including extension, the inmate may consider the absence of a response to be a denial

21   at that level."  28 C.F.R. § 542.18.  Thus, upon expiration of the June 20, 2009 deadline,

22   Petitioner was entitled to consider his appeal to the General Counsel/Central Office denied.

23   At that point, there were no further administrative remedies for him to pursue.

24       Thus, as of June 21, 2009, Petitioner's administrative remedies were exhausted, and

25   his habeas petition was not premature.  Thus, this Court is required to address the merits of

26   his Petition.

27   / /

28   / /

**B.  BOP AUTHORITY TO COLLECT**

Petitioner argues that because the sentencing court failed to establish a specific payment schedule, BOP is without authority to collect (or to require as part of an IFPR payment plan) restitution

Respondent counters that participation in the IFRP is voluntary, the IFRP authorizes BOP to set a payment schedule, and that nothing in the cases cited by Petitioner invalidates the IFRP.

To the contrary, under the decisions relied upon by Petitioner, his restitution order is an invalid delegation to the BOP, is thus invalid, and cannot be collected on by the BOP under the IFRP.

In *U.S. v. Gunning*, 401 F.3d 1145 (9th Cir. 2005), the Ninth Circuit set aside a sentence in which the court provided that restitution was "payable immediately," but "during the time of his imprisonment, it was to be paid through the BOP Inmate Financial Responsibility Program (IFRP)." *Id.* at 1147. The Ninth Circuit found this to be an improper delegation to the BOP of the court's responsibility to set the schedule for payment of restitution, as required by the 1996 Mandatory Victims Restitution Act (MVRA), Pub. L. 104-132, 110 Stat. 1214, 1233 (1996).  As codified, that Act mandates:

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid.

18 U.S.C. § 3664(f)(2).

Conversely, in *U.S. v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008), the circuit court found no improper delegation where the sentence provided for the defendant to "pay restitution during his imprisonment 'at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.' " *Id.* at 1044.  Moreover, the circuit court distinguished between the court's imposed schedule and the schedule imposed by BOP under the IFRP.  "While the MVRA forbids the wholesale delegation of scheduling responsibility to the BOP, nothing in the text of the statute or our prior decisions places any

1   limits on the BOP's operation of an independent program, such as the IFRP, that encourages

2   inmates voluntarily to make more generous restitution payments than mandated in their

3   respective judgments." *Id.* at 1048.

4          In Petitioner's case, the sentence provided:

5               All monetary penalties are due immediately or in regular monthly
                installments.  Because incarcerated, payments shall begin under the
6               Bureau of Prisons Inmate Financial Responsibility Program.  Any
                unpaid balance shall become a condition of supervision and shall be
7               paid within 90 days of the expiration of supervision.

8   (Pet. Exhibit A, Judgment at 1.)  No amount for the 'regular monthly installments' was

9   specified.

10         The sentencing court could have stopped with the direction for immediate payment.[1]

11  "Immediate repayment is the general rule: 'A person sentenced to pay a fine or other

12  monetary penalty, including restitution, shall make such payment immediately, unless, in the

13  interest of justice, the court provides for payment on a date certain or in installments.' " *U.S.*

14  *v. Martin*, 278 F.3d 988, 1006 (9th Cir.2002) citing 18 U.S.C. § 3572(d). *See also* 18 U.S.C.

15  § 3664(f)(3)(A) (authorizing direction for a "single lump sum payment").  Had Petitioner's

16  judgment simply specified that the sums were due "immediately," then the schedule would

17  have been set by the court and no improper delegation would have occurred. *See Ward v.*

18  *Chavez*, 2009 WL 2753024, *5  (D.Ariz. 2009)("payment was due 'immediately,' and it

19  provided no delegation of authority for scheduling those payments to the BOP"); and *U.S.*

20  *v. Young*, 533 F.Supp.2d 1086 (D.Nev. 2007) (judgment properly provided "restitution to be

21  due immediately, and that any balance remaining due upon release shall be paid [in specified

22  installments and was] silent as to any schedule of payments while imprisoned.")

23         Alternatively, the judgment could have specified the amount of monthly installments.

24  *See* 18 U.S.C. § 3664(f)(3)(A) (providing for court to set "partial payments at specified

25  intervals").

26  ───────────────

27      [1] Of course, the sentencing court could have done so only after consideration of
    Petitioner's resources, projected income, and financial obligations.  *See* 18 U.S.C. §
28  3664(f)(2)(A) to (C).

The judgment in Petitioner's case did not do either, but simply provided for either immediate payment **or** installments, and left it to BOP to select a payment amount during the term of incarceration. Thus, this case is indistinguishable from *Gunning.* "[T]he sentencing court here said nothing about a restitution schedule during incarceration and delegated that responsibility to the BOP by requiring Petitioner to participate in the IFRP and pay restitution pursuant to that program." *Sours v. Chavez*, 2009 WL 2714028 (D.Ariz. 2009) (granting relief from IFRP where judgment required restitution "be paid in full immediately...'[a]ny amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program'"). Therefore, Petitioner does not have a valid restitution order against him.

Still, Respondent argues that Petitioner's participation in the IFRP is voluntary. To the contrary, the judgment in this case mandated Petitioner's payment of restitution through the IFRP and left it to the BOP to calculate the amounts.

Moreover, the BOP's authority is limited to collecting "Court-ordered restitution." 28 C.F.R. § 545.11. Because the Court's order of restitution is invalid, BOP has no authority under the IFRP to collect the restitution amounts.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Moreover, under the recommendation made herein, it will not be resolved adversely to Petitioner. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed July 10, 2009 (Doc. 1) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Bureau of Prisons be ordered to stop collecting restitution payments from Petitioner through the Inmate Financial Responsibility Program.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: September 17, 2010

_____
JAY R. IRWIN
United States Magistrate Judge