**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Ybarra, ) | No. CV-09-1447-PHX-DGC (JRI) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dennis Smith, Warden, FCI-Phoenix, ) | |
| ) | |
| Respondent. ) | |
| ) | |

In May 1999, Petitioner Robert Ybarra was convicted by a jury of multiple counts of bank robbery and attempted bank robbery. Doc. 64, *United States v. Ybarra*, No. CR-98-427-PHX-ROS (D. Ariz. May 12, 1999). He was sentenced to 210 months' imprisonment on August 16, 1999. Doc. 74. He presently is incarcerated in the Federal Correctional Institute in Phoenix.

On July 10, 2009, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Magistrate Judge Jay R. Irwin has filed a report and recommendation (R&R) granting relief. Doc. 11. Respondent has filed objections. Doc. 14. For reasons that follow, the Court will accept the R&R and grant the petition.

**I.     Legal Standard.**

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections

1 are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*,
2 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or
3 in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. §
4 636(b)(1).

**II.     Analysis.**

Petitioner's criminal judgment required restitution in the amount of $32,181.54. *See* Doc. 1 at 8. With respect to payment during incarceration, the judgment provides (*id.*):

> All monetary penalties are due immediately or in regular monthly installments. Because incarcerated, payments shall begin under the Bureau of Prisons Inmate Financial Responsibility Program.

Petitioner challenges the collection of restitution by the Bureau of Prisons (BOP) on the ground that the sentencing court failed to order an adequate schedule for payment as required by the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A-3664. Doc. 1 at 1-6. That statute mandates:

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid[.]

18 U.S.C. § 3664(f)(2).

The restitution order in this case is an invalid delegation to the BOP, Judge Voss concluded, because the order left it to the BOP to select a restitution payment amount. Doc. 11 at 6-8. Judge Voss found controlling *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005). The judgment in that case required restitution to be paid "immediately," but "during the time of [the defendant's] imprisonment, it was to be paid through the BOP Inmate Financial Responsibility Program[.]" 401 F.3d at 1147. The judgment was vacated on appeal because the district court had delegated to the BOP its "non-delegable duty to set the manner and schedule of restitution payments[.]" *Id.* at 1150. The Ninth Circuit made clear that "the district court simply does not have the authority to delegate its own scheduling duties – not to the probation office, not to the BOP, not to anyone else." *Id.*

Respondent objects on the ground that the restitution order in this case is more specific than the one in *Gunning* as it specified a schedule: "due immediately or in regular

1 monthly installments." Doc. 14 at 6. But Judge Voss recognized those payment options. 2 He explicitly found that the sentencing court properly could have stopped with the direction 3 for "immediate" payment. Doc. 11 at 7. He further found that the restitution order would 4 have been proper had it "specified the *amount* of monthly installments." *Id.* (emphasis 5 added).

6 Judge Voss distinguished *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008), 7 on the ground that the judgment in that case, unlike the one here, ordered the defendant to 8 pay restitution "'at a rate of not less than $25 per quarter[.]'" *Lemoine*, 546 F.3d at 1044. 9 Respondent objects, asserting that the judgment in this case is "substantively similar" to 10 the one in *Lemoine*. Doc. 14 at 6. The Court does not agree.

11 As explained by Judge Voss (Doc. 11 at 6), the judgment upheld in *Lemoine* specified 12 a payment *amount*: "'not less than $25 per quarter[.]'" 546 F.3d at 1044. This is not, as 13 Respondent claims (Doc. 14 at 6 & n.3), an immaterial difference. Where the restitution 14 order fails to specify an amount of payment (or the type of in-kind payment), the district 15 court impermissibly has delegated to the BOP "its non-delegable duty to set the *manner* and 16 schedule of restitution payments[.]" *Gunning*, 401 F.3d at 1150 (emphasis added).

17 The MVRA makes clear that before "specify[ing] in the restitution order the manner 18 in which, and the schedule according to which, the restitution is to be paid," the district court 19 should consider the "financial resources and other assets of the defendant," the "projected 20 earnings and other income of the defendant[,]" and "any financial obligations of the 21 defendant[.]" 18 U.S.C. § 3664(f)(2)(A)-(C). Consideration of these factors suggests that 22 the district court is to specify the *amount* of restitution to be paid. The MVRA further 23 provides that a "restitution order may direct the defendant to make a single, lump-sum 24 payment, partial payments at specified intervals, in-kind payments, or [some] combination[.]" 25 18 U.S.C. § 3664(f)(3)(A). The restitution order in this case required payments at "specified 26 intervals," that is, "in regular monthly installments" (Doc. 1 at 8), but it did not specify the 27 amount of each "partial" payment, 18 U.S.C. § 3664(f)(3)(A).

28 The Court will accept the finding by Judge Voss that the restitution order in this case

1  is an invalid delegation to the BOP. Doc. 11 at 8. Without a proper order, the BOP "does
2  not have the authority to require a schedule of restitution payments collected while
3  [Petitioner] is participating in the [IFRP]." *Sours v. Chavez*, No. CV08-1903-PHX-SRB,
4  2009 WL 2714028, at *1 (D. Ariz. Aug. 27, 2009). Petitioner's section 2241 claim "asserts
5  and proves a deficiency in the execution of his sentence, but does not challenge the validity
6  of the judgment [pursuant to section 2255]. Accordingly, the Court must remedy the
7  execution of the sentence, rather than ordering the amendment of the judgment." *LeBlanc
8  v. Norwood*, No. CV 09-1551-CJC (OP), 2010 WL 2891539, at *5 (C.D. Cal. May 6, 2010);
9  *see Burnham v. Ives*, No. CIV S-08-2522 DAD P, 2010 WL 2612609, at *1 (E.D. Cal. June
10 29, 2010) ("petitioner's claim is properly brought under 28 U.S.C. § 2241, and not 28 U.S.C.
11 § 2255, because it concerns the manner, location, or conditions of the execution of his
12 sentence and not the fact of his conviction or sentence"); *Porter v. Adams*, 244 F.3d 1006,
13 1007 (9th Cir. 2001) (discussing distinction between sections 2241 and 2255). The Court
14 will require the BOP to stop collecting restitution payments from Petitioner through the
15 IFRP.

16 Petitioner requests that monies already collected by the BOP be returned to him
17 (Doc. 1 at 6), but presents no argument or legal authority in support of this request. The
18 request is denied.

19 Respondent does not object to Judge Voss' finding that Petitioner exhausted his
20 administrative remedies. Docs. 11 at 5, 14 at 4 n.2. This finding will be accepted. *See* Fed.
21 R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *Reyna-Tapia*, 328 F.3d at 1121.

22 **IT IS ORDERED:**
23 1.  Judge Irwin's report and recommendation (Doc. 11) is **accepted**.
24 2.  Petitioner Raymond Ybarra's petition for writ of habeas corpus (Doc. 1) is
25     **granted**.

3. The Bureau of Prisons is ordered to stop collecting restitution payments from Petitioner Raymond Ybarra through the Inmate Financial Responsibility Program.

DATED this 20th day of December, 2010.

_____
David G. Campbell
United States District Judge