**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Ybarra,<br><br>                Petitioner,<br><br>vs.<br><br>Dennis Smith, Warden, FCI-Phoenix,<br><br>                Respondent. | No. CV-09-1447-PHX-DGC (JRI)<br><br>**ORDER** |

       Petitioner Robert Ybarra is serving a 17-year prison sentence for bank robbery. He presently is incarcerated in the Federal Correctional Institute in Phoenix. The warden of that institution is Respondent Dennis Smith.

       In an order dated December 21, 2010 (Doc. 16), the Court granted Petitioner's habeas petition (Doc. 1) requesting that the Bureau of Prisons ("BOP") be ordered to stop collecting restitution payments from Petitioner through the Inmate Financial Responsibility Program ("IFRP"). Petitioner has filed a motion for an order to show cause why Respondent should not be held in contempt for allegedly having failed to comply with the December 21 order. Doc. 17. The motion is fully briefed. Docs. 18, 19. Oral argument has not been requested. For reasons that follow, the motion will be denied.

       Petitioner asserts that on December 30, 2010, after receipt of the December 21 order, BOP placed Petitioner on IFRP refusal status and sanctioned him pursuant to 25 C.F.R. § 545.11(d) by removing him from his job with UNICOR. Doc. 17 at 2. Four days later, Petitioner was told that if he did not want to remain on IFRP refusal status, he

would have to enter another contract agreeing to pay restitution under IFRP. *Id.* He signed a new contract and returned to his UNICOR job the next day. *Id.*

BOP has violated the December 21 order, Plaintiff contends, by placing him on refusal status and removing him from his job with UNICOR for refusing to participate in IFRP and pay restitution. *Id.* at 3-4. But nothing in the December 21 order (Doc. 15) precluded BOP or Respondent from placing Petitioner on refusal status and halting his employment with UNICOR.

BOP is authorized to implement a financial plan for inmates and to impose penalties if an inmate refuses to participate in the plan. 25 C.F.R. 545.11. This Circuit has made clear that the consequences of an inmate's failure to participate in IFRP, including adverse employment consequences, "are not so severe as to impose an 'atypical and significant hardship' and therefore do not infringe on any constitutionally-protected liberty interest." *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (quoting *Sandin v. Connor*, 515 U.S. 472, 484-85 (1995)). Stated differently, "the use of incentives, such as the avoidance of adverse consequences, to encourage compliance in a rehabilitative program does not render the program unconstitutional." *Rosenberg v. Lappin*, No. CV 09-1722-PA (SH), 2010 WL 4668317, at *6 (C.D. Cal. Sept. 30, 2010) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002)). In short, Petitioner has no "liberty interest to be free from the penalties imposed for failing to participate in [IFRP]." *Id.*; *see United States v. Trulock*, CR 06-1031-PHX-EHC, 2010 WL 1842258, at *3 (D. Ariz. May 6, 2010) ("If a prisoner chooses not to allow the withholding [under IFRP] then there are consequences for that choice, including removal from UNICOR.").
Petitioner has established no violation of the December 21 order, nor any other basis for holding Respondent in contempt of Court. The motion for an order to show cause will be denied.

**IT IS ORDERED** that Petitioner's motion to show cause why Respondent should not be held in contempt (Doc. 17) is **denied**.

Dated this 15th day of March, 2011.

_____
David G. Campbell
United States District Judge