**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Ybarra,<br><br>                Petitioner,<br><br>vs.<br><br>Dennis Smith, Warden, FCI-Phoenix,<br><br>                Respondent. | No. CV-09-1447-PHX-DGC (JRI)<br><br>**ORDER** |

Petitioner Robert Ybarra is serving a 17-year prison sentence for bank robbery. He presently is incarcerated in the Federal Correctional Institute in Phoenix. The warden of that institution is Respondent Dennis Smith.

In an order dated March 15, 2011 (Doc. 20), the Court denied Petitioner's motion for an order to show cause why Respondent should not be held in contempt (Doc. 17). Petitioner has filed a motion for reconsideration of that order. Doc. 21. The motion will be denied.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. Such a motion is routinely denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Petitioner does not meet, or even address, this standard. In short, Petitioner simply disagrees with the Court's order denying his motion for contempt proceedings. But mere disagreement with an order is an insufficient

basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).

Moreover, Petitioner's challenge to the Court's order is without merit. Petitioner is correct that the Court has never held that he is not to participate in the Inmate Financial Responsibility Program ("IFRP"). "[T]he IFRP is a voluntary program in which inmates may *choose* to participate." *Shaw v. Daniels*, No. 10-cv-00234-MSK, 2010 WL 4628905, at *2 (D. Colo. Nov. 8, 2010). "Admittedly, the choice is not a neutral one; an inmate who chooses not to participate in the IFRP loses access to a wide array of privileges and benefits that participating inmates enjoy. But the mere fact that BOP has sweetened the choice (or soured the other) does not alter the fundamental fact that an inmate may choose not to participate in the IFRP with regard to restitution obligations that have not otherwise been specifically scheduled by the sentencing court." *Id.*

Petitioner has, perhaps reluctantly, signed a contract to participate in IFRP and therefore must pay restitution in accordance with the terms of the program. Petitioner is free to choose not participate in IFRP, but "there are consequences for that choice, including removal from UNICOR." *United States v. Trulock*, CR 06-1031-PHX-EHC, 2010 WL 1842258, at *3 (D. Ariz. May 6, 2010). Petitioner cannot have it both ways. He cannot receive the benefits of participating in IFRP and at the same time shirk his responsibility to make restitution payments under the program. *See Shaw*, 2010 WL 4628905, at *2-3.

**IT IS ORDERED** that Petitioner's motion for reconsideration (Doc. 21) is **denied**.

Dated this 28th day of March, 2011.

_____
David G. Campbell
United States District Judge

- 2 -